Frangís X. Conlon, J.
The defendant moves for an order (1) precluding the plaintiff for failing to serve a bill of particulars in compliance with a demand, (2) staying plaintiff until a written authorization is given to obtain hospital records, (3) staying plaintiff until authorization is given to examine X rays, and (4) staying plaintiff until a verified bill of particulars is served.
The plaintiff consents to the preclusion order if a bill is not served within 30 days, objects to items 2 and 3 on the ground that they seek privileged communications and in a manner not allowed under the Civil Practice Act and asserts that defendant has waived his right to a stay under item 4 since defendant has served a notice to examine plaintiff and only after receipt of that did plaintiff serve the cross notice to examine defendant.
The motion is in all respects granted. On consent the motion to preclude is granted unless the plaintiff serves a bill of particulars in compliance with the demand within 30 days after service of a copy of the order to be entered herein. The plaintiff is not entitled to an examination before trial of the defendant until the bill is served (New York County Supreme Court Trial Term Bules, rule XI, subd. 9). Accordingly the notice to examine defendant before trial is dismissed without prejudice to service of a new notice after the bill is served. As to the claim that the authorizations sought under the rules of this court are in conflict with sections 352 and 354 of the Civil Practice Act, in the case of Plachte v. Bancroft Inc. (3 A D 2d 437) the power of the courts over their calendars by the imposition of rules was challenged, as here, and that power was upheld. This court, aware of the motivation for this rule, will not attack its propriety, but will conform with the reasons advanced in Plachte v. Bancroft Inc. (supra).
Settle order.